UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRICKLAYERS & TROWEL TRADES INTERNATIONAL PENSION FUND, by and through its Board of Trustees as administered by the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers<br><br>       **Plaintiff,**<br><br>   v.<br><br>SUMMA & IEZZI, INC.<br>38 Line Street,<br>Keystone Industrial Park,<br>Dunmore, Pennsylvania 18512,<br><br>       **Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

### (TO COLLECT CONTRIBUTIONS AND OTHER AMOUNTS DUE TO EMPLOYEE BENEFIT FUNDS AND FOR EQUITABLE RELIEF)

Plaintiff, pursuant to Federal Rule of Civil Procedure 8(a), hereby allege the following:

## PARTIES

1. Plaintiff, Bricklayers & Trowel Trades International Pension Fund ("International Pension Fund") is an employee pension benefit plan as that term is defined in Section 3(1) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(1). The International Pension Fund is a multiemployer plan as that term is defined in Section 3(37) of ERISA, 29 U.S.C. § 1002(37). The International Pension Fund was established and is maintained in accordance with its Restated Agreement and Declaration of Trust. The International Pension Fund is administered at 620 F Street, N.W., in Washington D.C. The members of the Board of Trustees of the International Pension Fund are fiduciaries as provided in the International Pension Fund's Restated Agreement and Declaration of Trust and as defined in Section 3(21) of ERISA,

29 U.S.C. § 1002(21). The Trustees bring this action for the benefit of the beneficiaries of the International Pension Fund.

2. Defendant Summa & Iezzi, Inc. is a Pennsylvania corporation and has an office located at 38 Line Street, Keystone Industrial Park, in Dunmore, Pennsylvania, and at all times relevant to this action has been an "employer in an industry affecting commerce" as defined in Sections 3(5), (11), and (12) of ERISA, 29 U.S.C. §§ 1002(5), (11) and (12).

## JURISDICTION AND VENUE

3. This is an action to collect contributions and other amounts due to employee benefit plans under the terms of a collective bargaining agreement, memorandum of understanding and trust agreements and for other appropriate equitable relief. This Court has subject matter jurisdiction under §§ 502(a)(3), (g) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3), (g) and 1145, and supplemental jurisdiction for any state law claims pursuant to 28 U.S.C. § 1367.

4. This Court has personal jurisdiction over the Defendant pursuant to Section 502 of ERISA, 29 U.S.C. § 1132(e)(2).

5. Venue is proper in this district pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

## FACTS

6. Defendant Summa & Iezzi, Inc. has been bound and signatory at all relevant times to collective bargaining agreements with International Union of Bricklayers and Allied Craftworkers Local Union No. 5 – Pennsylvania ("Collective Bargaining Agreements"), that govern the wages, benefits and terms and conditions of employment of certain employees performing work for the Defendant.

7. Pursuant to the Collective Bargaining Agreements the Defendant agreed to pay certain sums of money to the Plaintiff for all hours of work it performed which is covered by the Collective Bargaining Agreements.

8. During the months of April 2019 through the present, the Defendant has performed work covered by the Collective Bargaining Agreements.

9. During various months within the period of April 2019 through the present, the Defendant has failed to report and pay all amounts owing to the Plaintiff for work performed in Local 8 PA, cover group 1, and Local 18 PA, cover group 1, as required by the Collective Bargaining Agreements and the Plaintiff's Restated Agreements and Declarations of Trust.

10. Pursuant to the Plaintiff's Restated Agreements and Declarations of Trust, the General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers, and Section 502(g)(2)(B) of ERISA, 29 U.S.C. § 1132(g)(2)(B), an employer who fails to pay required contributions on time is liable for interest at the rate of 15% per annum from the due date of each monthly payment through the date paid.

11. Pursuant to the Plaintiff's Restated Agreements and Declarations of Trust, the General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers, and Section 502(g)(2)(C) of ERISA, 29 U.S.C. § 1132(g)(2)(C),  an employer who fails to pay required contributions on time also is liable for an amount equal to the greater of an additional calculation of interest on the unpaid contributions at the rate of 15% per annum from the due date of each monthly payment through the date paid, or liquidated damages in the amount of 20% of the total contributions owed.

12. Pursuant to the Plaintiff's Restated Agreements and Declarations of Trust, the General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and

Allied Craftworkers, and Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D), an employer who fails to pay required contributions is liable for all attorneys' fees, audit fees and costs for collection.

13. The Plaintiff will also seek a judgment in this action against the Defendant for all contributions, interest, liquidated damages, and attorneys' fees and costs which are reported due pursuant to remittance reports, are estimated to be due, or are otherwise determined as being due, subsequent to the filing of this action, during the pendency of this action, and up to the date of judgment.

## COUNT I

### (UNPAID CONTRIBUTIONS AND OTHER AMOUNTS OWED TO EMPLOYEE BENEFIT FUND BASED ON MEMORANDUM OF UNDERSTANDING - APRIL 2019 THROUGH PRESENT)

14. Plaintiff hereby restates and incorporates by reference the allegations set forth in paragraphs 1 through 13 as if fully set forth in this Count I.

15. During the months of April 2019 through July 2019, the Defendant failed to report and pay all contributions owing to the Plaintiff for work performed in Local 8 PA, cover group 1, and Local 18 PA, cover group 1, as required under the Collective Bargaining Agreements.

16. In August 2019 the Defendant entered into a Memorandum of Understanding with the Plaintiff in which it promised, among other things, to pay the delinquent contributions and related amounts owed for the months of April 2019 through July 2019 by making a series of payments on a payment schedule, that it would post a $50,000 fringe benefit bond in favor of the Plaintiff, and that it would remain current in submitting monthly reports and contributions to the Plaintiff in the future.

17. The Defendant agreed that failure to timely submit a payment in accordance with the payment schedule, failure to post a $50,000 fringe benefit bond in favor of the Plaintiff, or failure to remain current in submitting monthly reports and contributions to the Plaintiff constituted a default under the Memorandum of Understanding.

18. The Memorandum of Understanding provides that, should the Defendant default on any of the terms set forth in the Memorandum, the IPF will notify the Defendant in writing of such a default and grant the Defendant seven (7) days in which to cure such a default.

19. Since executing the Memorandum of Understanding, the Defendant has failed to report and pay all contributions owing to the Plaintiff during the months of January 2020 through May 2020 for work performed in Local 8 PA, cover group 1, as required by the Collective Bargaining Agreements and the Memorandum of Understanding.

20. Since executing the Memorandum of Understanding, the Defendant has failed to report and pay all contributions owing to the Plaintiff during the months of January 2020, February 2020, April 2020, and May 2020 for work performed in Local 18 PA, cover group 1, as required by the Collective Bargaining Agreements and the Memorandum of Understanding.

21. The Defendant further defaulted under the Memorandum of Understanding by failing to post the $50,000 fringe benefit bond within the time frame contained in the Memorandum.

22. The IPF notified the Defendant of each of these defaults in accordance with the Memorandum of Understanding through written correspondence sent by mail and email on May 27, 2020. The correspondence explicitly provided the Defendant seven (7) days to cure its defaults in accordance with the terms of the Memorandum of Understanding.

23. Notwithstanding notice of the defaults, through date, the Defendant has failed to cure its defaults in further violation of the terms of the Memorandum of Understanding.

24. The Memorandum of Understanding provides that, upon notice of default and failure to timely cure in accordance with the terms of the Memorandum of Understanding, the Plaintiff is entitled to file a lawsuit in the U.S. District Court for the District of Columbia for the full amount of $82,884.67, minus any payments made under the payment schedule, plus interest on the delinquent balance up to the date of judgment, as well as all contributions and damages owed for any other months, and any related damages including any attorneys' fees incurred in such an action.

25. The Memorandum of Understanding provides further that the Defendant has waived any defenses it might otherwise have to the Plaintiff's action to collect the remaining amounts owed under the Memorandum, including, but not limited to, any objection to this Court's personal jurisdiction over the Defendant, and any statutes of limitation defenses the Defendant might otherwise be able to assert in this action.

26. The Defendant paid a total of $78,051.05 to the Plaintiff under the Memorandum of Understanding. Accordingly, the Defendant owes the Plaintiff a balance of $7,095.55 for contributions and related amounts for the work months of April 2019 through July 2019, plus interest on the delinquent balance up to the date of judgment.

27. By virtue of the failure to pay all amounts as contractually required, the Defendant is in contravention of the Memorandum of Understanding, the Collective Bargaining Agreements and the obligations under the Plaintiff's Restated Agreements and Declarations of Trust, the General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers, and Section 515 of ERISA.

28. The Plaintiff is entitled to judgment against the Defendant for all amounts remaining owed under the terms of the Memorandum of Understanding plus interest on the delinquent balance up to the date of judgment.

## COUNT II

### (UNREPORTED AND UNPAID CONTRIBUTIONS AND OTHER AMOUNTS OWED TO EMPLOYEE BENEFIT FUND)

29. The Plaintiff hereby restates and incorporates by reference the allegations set forth in paragraphs 1 through 28 as if fully set forth in this Count I.

30. Because the Defendant has failed to comply with its contractual duty to submit reports and contributions, the Plaintiff cannot determine the exact amount of contributions due to the International Pension Fund by the Defendant for covered work performed in the jurisdictions of Local 8 PA, cover group 1, during the period January 2020 through May 2020, and Local 18 PA, cover group 1, during the periods January 2020, February 2020, April 2020, and May 2020.

31. The Memorandum of Understanding provides that the Defendant has waived any defenses it might otherwise have to the Plaintiff's action to collect these amounts, including, but not limited to, any objection to this Court's personal jurisdiction over the Defendant, and any statutes of limitation defenses the Defendant might otherwise be able to assert in this action.

32. The Plaintiff is entitled to judgment against the Defendant for all contributions owed, plus interest owed on unpaid contributions at the rate of 15%, plus an amount equal to the greater of an additional calculation of interest on the unpaid contributions at the rate of 15% per annum, or liquidated damages in the amount of 20% of the total contributions owed, plus attorneys' fees and costs.

33. The Plaintiff will also seek a judgment in this action against the Defendant for all contributions, interest, liquidated damages, and attorneys' fees and costs which are reported due

pursuant to remittance reports, are estimated to be due, or are otherwise determined as being due, subsequent to the filing of this action, during the pendency of this action, and up to the date of judgment.

**WHEREFORE,** the Plaintiff prays judgment on Counts I and II as follows:

A.  For the remaining unpaid amounts due and owing to the Plaintiff under the Memorandum of Understanding for work performed during the months of April 2019 through July 2019 in the amount of $7,095.55, plus interest on the delinquent balance up to the date of judgment as alleged in Count I.

B.  For a Court Order requiring the Defendant to submit all outstanding remittance reports for work performed in the jurisdictions of Local 8 PA, cover group 1, during the period January 2020 through May 2020, and through the date of judgment, and Local 18 PA, cover group 1, during the period January 2020, February 2020, April 2020, and May 2020, and through the date of judgment.

C.  For unpaid contributions due and owing to the Plaintiff for work performed in the jurisdictions of Local 8 PA, cover group 1, during the period January 2020 through May 2020, and through the date of judgment, and Local 18 PA, cover group 1, during the period January 2020, February 2020, April 2020, and May 2020, and through the date of judgment, plus interest from the due date of each unpaid monthly contribution payment through the date of judgment, plus an amount equal to the greater of an additional calculation of interest on each unpaid monthly contribution payment from the due date of each monthly payment through the date of judgment, or liquidated damages in the amount of 20% of the total unpaid contributions owed, as provided for in the Plaintiff's Restated Agreements and Declarations of Trust, the General Collection Procedures of the Central

Collection Unit of the International Union of Bricklayers and Allied Craftworkers, and pursuant to 29 U.S.C. § 1132(g)(2).

D.      For costs and reasonable attorneys' fees for collection as required by the Collective Bargaining Agreements, the Plaintiff's Restated Agreements and Declarations of Trust, the General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers, and 29 U.S.C. § 1132(g)(2), up to the date of judgment.

E.      For such contributions, interest, liquidated damages, and attorneys' fees and costs which are reported due pursuant to remittance reports, are estimated to be due, or are otherwise determined as being due, subsequent to the filing of this action, during the pendency of this action, and up to the date of judgment.

F.      Such further relief as the Court deems appropriate.

Respectfully submitted,

Dated:  July 27, 2020

**O'DONOGHUE & O'DONOGHUE LLP**
5301 Wisconsin Avenue, N.W., Suite 800
Washington, D.C. 20015
Telephone: (202) 362-0041
Facsimile: (202) 237-1200
cgilligan@odonoghuelaw.com

By:  /s/ Charles W. Gilligan
Charles W. Gilligan (Bar No. 394710)
*Attorney for the Plaintiff*

# **CERTIFICATE OF SERVICE**

I hereby certify that I caused a true and correct copy of the foregoing Complaint to be served by certified mail in accordance with the requirements of Section 502(h) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(h) this 27th day of July 2020, on the following:

>The Office of Division Counsel
>Associate Chief Counsel (TE/GE) CC:TEGE
>Room 4300
>1111 Constitution Avenue
>Washington, DC  20224
>
>Secretary of Labor
>200 Constitution Ave., N.W.
>Washington, DC  20210
>
>Attention:  Assistant Solicitor for Plan Benefits Security

>>/s/    Charles W. Gilligan
>>Charles W. Gilligan